ELIZABETH FREEMAN, Wife, &c. *v.* J. RYAN, et als.

A judgment creditor of the husband will be enjoined from seizing the paraphernal property of the wife, when she retains the administration thereof.

The filing a petition by the wife, to enjoin her husband from disposing of her property, is sufficient evidence that she retains the sole control thereof.

APPEAL from the District Court of Lafayette.
  *Crow & Girard*, for plaintiff. *C. H. Mouton*, for defendants and appellants.

LEA, J. This is a suit in which a married woman, who is separated in property from her husband, seeks to enjoin a seizure made by a judgment creditor of her husband.

The plaintiff, in 1838, obtained a judgment of separation of property, as above stated, in which, a certain number of cows and horses, designated by the brand E. T., were recognized as her paraphernal property. In the petition filed by her, she prayed that her husband might be enjoined from selling or otherwise disposing of the property thus claimed by her. The defendants rely upon the alleged nullity of the judgment of separation, and of all the proceedings incident thereto.

The view we have taken of the facts of this case, makes it unnecessary to examine the issues which have been made with reference to the validity of the

judgment. The evidence conclusively shows that all the stock marked with the brand E. T., at the time she was married, belonged to the plaintiff. It is not shown that there was any increase of this stock, between the date of her marriage, and the decree of separation. Indeed it does not appear how long a period elapsed between these two events. Now, assuming for the purposes of argument that the judgment of separation is without effect so far as the defendants are concerned, it is clear that it should be recognized as an assumption of the administration of her paraphernal property, inasmuch, as she sued out an injunction against her husband, prohibiting his interference. It appears that the increase of this stock has been marked ever since with the plaintiff's brand, and it does not appear that the husband has, in any manner, contributed to the increase of the stock by purchases of his own.

Under the evidence, we think that the stock seized in execution by the defendants, must be recognized as the paraphernal property of the wife, subject to her separate administration.

It is ordered that the judgment appealed from be affirmed with costs.